**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                      :

PAUL M. ROSEBORO, JR.      :         **Hon. William J. Martini**
                      :
      Plaintiff,       :             **ORDER**
                      :
      v.             :     Civil Action No. 07-5204 (WJM)
                      :
MICHAEL J. ASTRUE,      :
Commissioner of Social Security,  :
                      :
      Defendant.     :
_____
                      :

     **THIS MATTER** comes before the Court on Plaintiff Paul Roseboro's petition for review pursuant to 42 U.S.C. § 405(g) of the Social Security Act ("Act"), as amended, seeking review of the final determination of the Commissioner of Social Security ("Commissioner") denying his request for disability benefits under Title II of the Act, 42 U.S.C. §§ 401-433.  The Commissioner filed a brief in opposition, asking the Court to remand this matter to the Commissioner for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).  In its brief, the Commissioner recognizes that the ALJ decision now before this Court does not contain the required analysis of whether plaintiff was disabled during the relevant period under the pertinent regulations. 20 C.F.R. §§ 404.1520, 416.920.  In reaching this conclusion, the Commissioner asserts that the ALJ did not adequately analyze the evidence in accordance with the Commissioner's regulations.  More specifically, the Commissioner contends that the ALJ did not sufficiently explain his findings at step three of the sequential evaluation analysis (*see Burnett v. Commissioner of Social Security*, 220 F.3d 112 (3d Cir. 2000)), nor did

he appropriately weigh the opinions of Dr. Kahf (Tr. 302-04, 313-19, 321-39) and Dr. Dicovsky (Tr. 151-54, 252-54), two of plaintiff's treating physicians.  The Commissioner further contends that in failing to weigh the opinions of these two doctors, the ALJ overlooked relevant medical evidence that contradicted his determination that plaintiff retained the residual functional capacity to perform medium level work.  The Commissioner asserts that remand, rather than an award of benefits, is warranted here because the record does not compel a conclusion that Plaintiff was disabled from July 2004 through February 2007.  *See Podeworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984).

Plaintiff did not respond to the Commissioner's Motion to Remand.  Although Plaintiff apparently declined to stipulate to remand on the precise terms offered by the Commissioner, Plaintiff also requested reversal and remand in his March 7, 2008 brief.  Plaintiff, like the Commissioner, contends that the ALJ erred in not properly considering the opinions of Dr. Kahf. Plaintiff also argues that the ALJ failed to properly assess Plaintiff's credibility and complaints of pain as required by 20 C.F.R. 404.1529(c) and S.S.R. 96.7p.

The Court agrees with the errors asserted by the Commissioner, including the parties' joint contention that the ALJ failed to properly consider the opinions of Dr. Kahf.  The Court also agrees that the ALJ failed to specify his reasons for discounting Plaintiff's subjective assertions of pain to the extent of finding that Plaintiff could perform work at a medium level of exertion, and failed to clearly support this conclusion with medical evidence of record.  The Court also agrees with the Commissioner that the medical evidence of record does not conclusively demonstrate that plaintiff was disabled during the relevant time period, and that remand for further development of the record is the appropriate remedy here.

Additionally, the Court finds that the ALJ failed to adequately address Plaintiff's non-

exertional impairments at step five.  Here, the ALJ found that Plaintiff suffered from three severe non-exertional impairments — depression, diabetes mellitus and hypertension.  *See Williams v. Barnhart*, 87 Fed. Appx. 267, 270 (3d Cir. Jan 26, 2004) (citing *Singleton v. Schweiker*, 551 F. Supp. 715, 723-24 (E.D. Pa. 1982) (observing that diabetes and hypertension are non-exertional impairments).  However, at step five, the ALJ discussed only the possible effect of Plaintiff's depression.  On remand, therefore, the ALJ must fully consider whether Plaintiff's non-exertional impairments narrow the range of work he can perform, in accordance with SSR 83-14 and *Sykes v. Apfel*, 228 F.3d 259, 264-65 (3d Cir. 2000).

Accordingly,

**IT IS** on this 27th day of May, 2008 hereby:

**ORDERED** that the opinion in the above-captioned matter of ALJ Gerald J. Ryan, dated Feb. 20, 2007, is **REVERSED** and **REMANDED** for further administrative proceedings and rehearing pursuant to 402 U.S.C. § 405(g); and

**IT IS FURTHER ORDERED** that, upon remand:

1.    The ALJ shall fully engage in the required analysis at step three of the sequential evaluation under 20 C.F.R. § 404.1520, and shall provide appropriate rationale with specific references to the record to support his conclusions.

2.    The ALJ shall fully weigh the opinions of Dr. Kahf (Tr. 302-04, 313-19, 321-39) and Dr. Dicovsky (Tr. 151-54, 252-54), two of plaintiff's treating physicians, in accordance with 20 C.F.R. § 404.1527, and shall provide appropriate rationale with specific references to the record to support his assessment of Plaintiff's residual functional capacity consistent with 20 C.F.R. § 416.945 and SSR 96-8p.

3.    The ALJ shall assess Plaintiff's credibility and complaints of pain according to the

requirements of 20 C.F.R. 404.1529(c) and S.S.R. 96.7p, and shall provide appropriate rationale with specific references to the record to support his conclusions.

4.     At step five of the sequential evaluation analysis, the ALJ shall re-evaluate, consistent with *Sykes v. Apfel*, whether Plaintiff can perform other work existing in significant numbers in the national economy in light of the ALJ's previous finding that Plaintiff suffers from certain non-exertional impairments (*i.e.*, diabetes mellitus, hypertension and depression).


　　 s/William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**